

Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6542 | **DATE** | 1/3/2002 |
| **CASE TITLE** | FARAH NAZ AHMED vs. U.S. IMMIGRATION & NATURALIZATION | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  The Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction. This case is hereby terminated. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | JAN − 3 2002 | | |
| | Notified counsel by telephone. | | date docketed | | 5 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | IS | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| CG | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT Court
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED

JAN - 3 2002

| | | |
|---|---|---|
| FARAH NAZ AHMED | ) | |
| | ) | |
| | ) | No. 01 C 6542 |
| Plaintiff, | ) | Judge Ronald A. Guzman |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES IMMIGRATION & | ) | |
| NATURALIZATION SERVICES, | ) | |
| BRIAN R. PERRYMAN, in his official | ) | |
| capacity as District Director of the Chicago | ) | |
| District Office of INS, COLIN POWELL, | ) | |
| in his capacity as Secretary of State, United | ) | |
| States State Department, and the | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 22, 2001, Plaintiff filed a complaint with this Court seeking to compel the

District Director of the Immigration and Naturalization Services and the State Department to

issue an immigrant visa petition based upon the Diversity Visa Lottery Program for the Fiscal

Year of 1999. Pursuant to 8 U.S.C. § 1329, 28 U.S.C. §§1331 and 1361 as well as the common

law breach of contract, the Plaintiff claims that this Court has jurisdiction over this matter.

Plaintiff is physically located in the country of Pakistan, where she has resided since the

1



initiation of this lawsuit. In her complaint plaintiff makes some conflicting and contradictory

statements. She claims she is a citizen of Pakistan and that she resides in the state of Illinois. She

also claims to have made a petition for Adjustment of Status through the 1999 Diversity

Immigrant Visa Lottery Program. However, she also claims that her application for adjustment of

status with the Defendant, Immigration and Naturalization Services ("INS"), was filed at the

United States Embassy, Islamabed, Pakistan. The documents exhibits attached to the complaint

constitute correspondence with the Department of State. Her visa interview was scheduled to

take place at the American Embassy/Consulate in Islamabad, Pakistan, not in the United States.

Adjustment of Status is available only to an alien residing in the United States and application for

such is made with the Immigration and Naturalization Service office in the United States.

Plaintiff, therefore, could not have made an application for adjustment of status. Certainly no

such application is reflected in the documents attached to her complaint. Apparently, as best we

can determine from the record, what plaintiff has done is to file an application for a permanent

residency visa under the 1999 Diversity Visa Lottery Program at the United States Embassy in

Pakistan. This is not the same as an application for adjustment of status while in the United

States. The distinction is of some importance as we will see below.

Plaintiff alleges that she received notification from the Defendants that she had been selected

under the diversity visa lottery program for fiscal year 1999. Plaintiff further alleges that her

application for adjustment of status was not adjudicated with a diversity lottery visa by

September 30, 1999, and as a result of such she was unable to adjust her status upon the basis of

the diversity visa lottery program for 1999. Thus, Plaintiff alleges that the INS failed to

adjudicate her application for adjustment of status by the end of the fiscal year in 1999, and that

as a result, her application was denied. However, it appears from the specific facts alleged in the complaint and the exhibits attached thereto that it was the State Department that failed to approve her visa petition and that the application before it was not an application for adjustment of status but simply an application for issuance of a permanent residency visa.

## DISCUSSION

Plaintiffs contends that this Court has mandamus jurisdiction pursuant to 28 U.S.C. § 1361. This section provides "District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, consular visa determinations are discretionary and not subject to judicial review. *Bruno V. Albright*, 197 F.3d 1153 (District of Columbia Circuit. 1999); *United States ex rel. London v. Phelps*, 22 F.2d 288 (2d Cir.1927), (a British subject challenged the denial of a visa, which prevented her from traveling from Montreal to visit her children in New York. The Second Circuit, holding the denial nonreviewable, noted that the "[u]njustifiable refusal to vise a passport may be ground for diplomatic complaint by the nation whose subject has been discriminated against [but is] beyond the jurisdiction of the court."); *Peoples v. United States Dep't of Agric.*, 427 F.2d 561, 567 (D.C.Cir.1970); *Castaneda-Gonzalez v. INS*, 564 F.2d 417, 428 n. 25 (D.C.Cir.1977) (Although our holding that an alien who has been certified by the Secretary of Labor is not excludable under subsection 212(a)(14) is also applicable to visa decisions, a consular officer could make such a decision without fear of reversal since visa decisions are nonreviewable. See *Burrafato v. Department of State*, 523 F.2d 554, 556- 57 (2d Cir. 1975), cert. denied, 424 U.S. 910, 96 S.Ct. 1105, 47 L.Ed.2d 313 (1976); *Loza-Bedoya v. Immigration and Naturalization Service*, 410 F.2d

3

343, 347 (9th Cir. 1969). But see also *Kleindienst v. Mandel*, 408 U.S. 753, 770, 92 S.Ct. 2576,

33 L.Ed.2d 683 (1972)). The Supreme Court has repeatedly admonished that the judicial branch

should not intervene in the executive's carrying out the policy of Congress with respect to

exclusion of aliens. *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972), quoting with approval from

*Lem Moon Sing v. United States*, 158 U.S. 538, 547 (1895). In *Burrafato, supra*, the appellants

argued that in failing to specify under which of the thirty-one subsections of Section 212(a) of the

Act Vincenzo was excluded, the Department of state did not comply with its own regulation, 22

C.F.R. s 42.130 which requires it to inform an unsuccessful applicant for a visa of the reasons for

denial of the visa and to allow such a denied applicant an opportunity to refute the evidence of

ineligibility. The court rejected this claim holding: "The power of congress to exclude aliens

altogether from the United States, or to prescribe the terms and conditions upon which they may

come to this country, and to have its declared policy in that regard enforced exclusively through

executive officers, without judicial intervention, is settled by our previous adjudications."

*Burrafato v. Department of State*, 523 F.2d 554, 556. The court went on to state that the district

court was correct in deciding that it did not have subject matter jurisdiction to review what

happened to Vincenzo in Italy. See also *Licea-Gomez v. Pilliod*, 193 F.Supp. 577, 582

(N.D.Ill.1960). (A consul's decision to withhold a visa is not reviewable, not even by the

Secretary of State. Act of 1952, 104(a), 221, 8 *U.S.C.A.* §§ 1104(a), 1201; *United States ex rel.*

*Ulrich v. Kellogg*, 1929, 58 App.D.C. 360, 30 F.2d 984, 71 *A.L.R.* 1210, certiorari denied *United*

*States ex rel. Ulrich v. Stimson*, 279 U.S. 868, 49 S.Ct. 482, 73 L.Ed. 1005. This is what

Congress has provided, and it has been repeatedly held that whatever Congress does provide in

the case of excluded aliens is due process. See, e.g., *United States ex rel. Knauff v. Shaughnessy*,

4

1949, 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed. 317.) Thus, the consul's determination which has the effect of denying plaintiff's visa petition under the 1999 Diversity Immigrant Visa Lottery Program is not subject to judicial review, much less mandamus.

Even if we give plaintiff the benefit of the doubt and resolve the factual ambiguities and contradictions in the complaint by determining that she did in fact file a petition for adjustment of status in the United States, mandamus, however, is precluded by the plain and unambiguous language of the Immigration and Nationality Act § 1252(a)(2)(B)(i), which states that "[n]otwithstanding any other provision of law, no Court shall have jurisdiction to review... any judgment regarding the granting of relief under section... 1255 [(addressing adjustment of status of nonimmigrant to that of person admitted for permanent status)]." 8 U.S.C. § 1252(a)(2)(B)(i); *Holasek v. United States Dep't of Justice,* 123 F. Supp. 2d 1126, 1129 (N.D.Ill. 2000). Decisions made by immigration officials are judgments. *Amoakowaa v. Reno,* 94 F. Supp. 2d 903, 905 (N.D.Ill. 2000). Although a Court is not divested of jurisdiction pursuant to this section where INS has failed to adjudicate an adjustment of status application, *Paunescu v. INS,* 76 F. Supp. 2d 896, 900 (N.D.Ill. 1999), a Court is expressly divested of jurisdiction to review a denial of an application for adjustment of status, *McBrearty v. Perryman,* 212 F.3d 985, 987 (7th Cir. 2000). This Court previously ruled in *Kudina, et al v. Perryman,* 99 C 6689, 2001 WL 1064789 (N.D.Ill.) that a denial under circumstances such as this is an adjudication. Hence, Plaintiff's claim is not reviewable.

Even if mandamus jurisdiction were not precluded by section 1252(a)(2)(B)(i) of the

5

INA, this Court could not invoke mandamus jurisdiction because, at the minimum, Plaintiff has

another adequate remedy available. "Mandamus jurisdiction can be invoked only when the

plaintiff has a clear right to the relief sought the defendants have a clear duty to perform, and no

other adequate remedy is available." *Blaney v. United Status,* 34 F.3d 509, 513 (7ᵗʰ Cir. 1994).

The Court is precluded from reviewing the administrative decisions of the INS unless all

administrative remedies available have been exhausted. *McBrearty v. Perryman,* 212 F.3d 985,

987 (7ᵗʰ Cir. 2000). An individual denied adjustment of status has the right to renew his or

request for adjustment of status upon the commencement of removal proceedings. 8 C.F.R. §

252.2(a)(5)(ii)(1999); *McBrearty,* 212 F.3d at 987. Judicial review is not entirely foreclosed, but

simply deferred for the potential presentation at a later date before a different court. *Cruz v. INS,*

871 F. Supp. 1049, 1052 (N.D.Ill. 1995).

> There is no question that [an applicant] can assert [his or] her claim
> before an Immigration Judge in a deportation proceeding, followed
> by an appeal to the Board of Immigration Appeals and by review
> by the Court of Appeals pursuant to Act §1105a. By invoking the
> exhaustion doctrine to deny any level of review by the District
> Court via § 1329, our Court of Appeals has exercised a judgment
> not to afford an applicant judicial review twice-once by resort to
> the District Court from the District Director's discretionary denial
> of an adjustment of status, and then again by resort to the Court of
> Appeals following a de novo presentation to an Immigration Judge
> and an appeal to the Board of Immigration Appeals.

*Id.* at 1052-53. "The exhaustion doctrine protects the autonomy of administrative

agencies, respects administrative expertise, facilitates judicial review by ensuring a well-

developed factual record, and promotes judicial economy by avoiding piece-meal review of cases

and by giving the agency the opportunity to resolve the case to the parties' mutual satisfaction

without judicial interference." *Id.* at 1053. Plaintiff has not exhausted all of her administrative

6

remedies. Plaintiff may raise her claim before an Immigration Hearing Officer when removal proceedings commence.

Finally, even if the court did not otherwise lack jurisdiction, plaintiff is explicitly barred by the deadline contained in the very statute on which she relies from eligibility to receive a visa once the statutory deadline has passed. It therefore appears that INS does not have the power to grant effectual relief in this case. Even if the application were to be processed by INS, the agency lacks the authority to issue plaintiff a visa. Thus, an order compelling INS to adjudicate the plaintiff's application would be a futile act. The cause is therefore moot. *Iddir v. Immigration and Naturalization Service*, 166 F.Supp.2d 1250 (N.D. Ill 2001).

## CONCLUSION

For the reasons stated above, the Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction. This case is hereby terminated.

SO ORDERED                    ENTERED: 1/3/02

HON. RONALD A. GUZMAN
United States Judge

7